**H. T. HOLLON, Appellant,**

v.

**Joe ALEXANDER.**

**No. 12917.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 14, 1955.

Rankin, Kilgore & Cherry, Ramiro B. Martinez, Edinburg, for appellant.

Aldrich & McDonald, Edinburg, for appellee.

NORVELL, Justice.

Appellant, H. T. Hollon, brought this suit upon a sworn account. Rule 185, Texas Rules of Civil Procedure. Appellee, Alexander, pleaded that appellant had accepted the promissory note of one A. B. McAfee in full settlement of the account sued upon. This defense was sustained by the trial court and the case is brought here upon points attacking the sufficiency of the evidence to support the trial judge's finding that Hollon and McAfee intended and hence agreed that the note executed and delivered by McAfee was to be accepted in payment of the Alexander account.

We make the following statement from the trial judge's findings of fact:

"In September of 1952, Hollon was engaged in the business of selling petroleum products at Elsa, Hidalgo County, Texas, and agreed to furnish oil and gasoline to Alexander to be used in farming operations upon certain Starr County lands. A. B. McAfee was also interested in this farming venture, but this fact was probably not known to Hollon at the time Alexander made his arrangements to secure oil and gas. In the early part of 1953, Alexander and McAfee dissolved their joint venture and agreed between them that McAfee should take the assets of such venture and assume the obligations incident thereto. Alexander thereupon left the State of Texas and went to Arizona. On

March 13, 1953, McAfee and Hollon had a conversation in which Hollon stated that he had run out of money and would like to collect something on account. McAfee explained that he had assumed the debt of the Alexander-McAfee Starr County venture and then executed a promissory note payable to Hollon in the exact amount of the Alexander account as disclosed by Hollon's books. The note was handed to Hollon's bookkeeper without express instructions, although Hollon said that he knew how to handle it. The bookkeeper made an entry of payment by note on the Alexander account. Hollon used the note for security at his Bank and extended further credit to McAfee, although the amount thereof was not large."

The trial judge's findings upon the disputed issue as to the release of Alexander are as follows:

"During the discussion between Hollon and McAfee neither of the parties discussed the legal significance of their acts on the rights and obligations of Alexander, other than the discussion that Alexander had left the farming venture and gone to Arizona and that McAfee had assumed the debts and had the assets. Prior to the execution of the note, Hollon had from time to time sent to Alexander statements of his account. After the execution of the note, further statements were not sent to Alexander. Based upon the testimony and all of the circumstances, I am of the opinion that at the time of the execution and delivery of the note, no doubt was in the mind of either Hollon or McAfee that the note would be paid by McAfee when it became due and that it was their intention that the account was to have been paid by the note."

These findings constitute an accurate summation of the state of the testimony and the trial judge, as the trier of the fact issues, could legitimately conclude that Hollon upon being informed of McAfee's

assumption of the account and Alexander's departure from the State, accepted McAfee's note in payment of the account, thus releasing Alexander. Pugh v. Turner, 145 Tex. 292, 197 S.W.2d 822, 172 A.L.R. 707; Peoples Nat. Bank of Ellwood City v. Weingartner, 153 Pa.Super. 40, 33 A.2d 469; 1 Tex.Jur. 294, Accord & Satisfaction, § 44; 1 Tex.Jur. 286, Accord & Satisfaction, § 40.

The judgment is affirmed.